GrEAT, J.
The lease was made with the defendants in their firm name, and was binding upon them for the space of three years only, unless they elected to renew it. Before the expiration of three years, that firm dissolved; two of its members left the possession of the premises, and the business which had been carried on by them was thereafter conducted by Wheaton and the defendant Dawson, who neither elected, nor had the power to elect for the defendants to renew the lease for a further term. If they had chosen to make such election, the plaintiff was under no obligation to renew it to them. The only obligation of Pope & Co. was to pay the rent and leave the premises in as good condition as they found them. They were not bound to give notice or make any formal surrender. They did leave. Wheaton & Dawson were, at best, but the assignees of their term, and without right from any one, remained in possession after the expiration of the term, and paid rent to the plaintiff, who received it from them at the rate of the consideration previously paid by the defendants. When this lease expired, without notice of an intention of the lessees to renew it, it was the business of the plaintiff to know who occupied *326 Ms premises, and not the concern of a firm which had dissolved and placed it out of the power of either one of them to bind the other by an election to renew the lease. In the absence of any evidence that the plaintiff or some agent of Ms did not know that Wheaton & Dawson occupied the premises on their own account, we should presume the fact to be so, and that he recogmzed them as Ms tenants by receiving rents from them at various times.
The judgment should be affirmed.
Selden, J., dissented; all the other judges concurring,
Judgment affirmed.